We find nothing procedurally or substantively unconscionable about the Arbitration *327 Agreement under the facts of this case. We find no other reason why the Arbitration Agreement is not valid and enforceable under the FAA. Further, we find the claims brought by Ramirez-Leon fall under the scope of the Arbitration Agreement, as they relate to Bratton and his treatment at GLC. Finding insufficient evidence to support the trial court's denial of Appellant's Motion to Dismiss and Enforce Alternative Dispute Resolution Agreement, Point Two is granted.
Point One
In Point One, Appellants argue that the trial court erred in denying their Motion to Dismiss and Enforce Alternative Dispute Resolution Agreement because the Arbitration Agreement is valid and enforceable under Missouri's Uniform Arbitration Act Section 435.350 et. seq. ("Missouri Act").
As is fully discussed in our analysis of Point Two, the Arbitration Agreement expressly states that it is governed by the FAA. The Missouri Act covers matters that are not preempted by the FAA. Bertocci v. Thoroughbred Ford, Inc., 530 S.W.3d 543 n. 1 (Mo. App. W.D. 2017). Neither party raised any argument that the Arbitration Agreement should not have been subject to the provisions of the FAA. Ramirez-Leon does argue that the particular agreement in this case violates section 435.460 of the Missouri Act regarding the form of the Arbitration Agreement. This statute requires that an arbitration agreement must contain language in ten point type and capital letters substantially similar to: "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES." Section 435.460. The Arbitration Agreement at issue contains a similar statement that was in capital letters, larger than ten point type and provides more detail than what is required by the Missouri Act. The Arbitration Agreement does not violate this provision of the Missouri Act. Point One is granted.
Conclusion
The judgment of the trial court is reversed and remanded for the circuit court to enter an order staying the civil action and compelling arbitration between Ramirez-Leon and Appellants.
All concur